PER CURIAM.
| denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. In addition, relator fails to show the state withheld material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We attach hereto and make a part hereof the *1029 District Court’s written reasons denying relator’s application.
Relator has now fully litigated at least two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La. C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of ^successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
*1030 STATE OF LOUISIANA CRIMINAL DISTRICT COURT
VERSUS PARISH OF ORLEANS
RAYMOND FLANK CASE NO. 299-809
SECTION *E*
JUDGMENT
Defendant, Raymond-Flank, hereinafter referred to as Petitioner, has filed with this Court on Application for Post Conviction Relief.
In 1983, Petitioner was charged with First Degree Murder in violation of La.R.S. 14:30. On May IS, 1985, Petitioner was found guilty as charged by jury. On June 11,1985, Petitioner was sentenced to life imprisonment at hard labor in the custody of the Department of Corrections without benefit of parolo, probation, or suspension of sentence with credit for time served.
In Petitioner’s application, he asserts that the district attorney committed prosecutorial misconduct by withholding exculpatory evidence during trial. Specifically, Petitioner avers that the ' district attorney’s office failed to provide him with the laboratory examination report prepared by the Department of the Treasury, Bureau of Alcohol, Tobacco-and Firearms, Petitioner contends that disclosure of the laboratory examination report at trial would have resulted in a stronger case for the defense. According, to Brady, the prosecutor may not suppress evidence which is favorable to the, defendant and material of tltc issue of defendant’s guilt or innocence. Brady v. Maryland, 373 U.S. 83 (1963). Favorable evidence includes both exculpatory evidence and impeachment evidence. Id. Furthermore, the “evidence is material if there is a reasonable probability, sufficient to undermine confidence in the outcome,‘that the evidence, if disclosed to the defense, would have changed the outcome of the proceeding or created a irosf. n-hic ctc.ibi that did not otherwise exist", United States v. Bagley, 473 U.S. 667 (1985), i-lac, P;i itionet fails to provide sufficient evident e to support his claim. Petitioner fails to show that the prosecutor engaged in any misconduct or that disclosure of the laboratory examination report was not made to the defense prior to trial. Further, Petitioner's falls to show that the outcome of the proceeding would have been different. Accordingly, Petitioner’s claim is without merit.
Lastly, Petitioner’s application for post conviction relief is untimely. At the time of the offense, La.C.Cr.P. art. 930,8 provided that an application for post conviction relief should not be considered if it is filed more than three years after die judgment of conviction and sentence have become final under the provisions of I,.8.1’ C-r.P ¡»‘ 914 or OIL unless it fails within certain *1031 exceptions to the time limitation fbr filing. Here, Petitioner’s claim does not fail under the exceptions to the time limitation. Specifically, Petitioner fails to prove that the facts upon -which the claim is predicated were not known to the petitioner or his attorney; thus, under La. C.Cr.P. art, 330.8, Petitioner’s motion is time-barred. Accordingly, Petitioner's claim is Without merit,
For the forgoing reasons, the Petitioner’s Application lor Post Conviction Relief is hereby DENIED.
[[Image here]]
A copy of this ruling sent to the defendant at the following address:
Raymond Flank DOC# 110756 General Delivery Louisiana State Penitentiary Angola, Louisiana 70712
[[Image here]]